Ronald BRADLEY et al., Plaintiffs,

v.

William G. MILLIKEN, Governor of the State of Michigan, et al., Defendants.

Civ. No. 35257.

United States District Court, E. D. Michigan, S. D.

Feb. 26, 1979.

Louis R. Lucas, Memphis, Tenn., Thomas I. Atkins, Boston, Mass., for plaintiffs.

4. This was steel covered by paragraph 2 of the contract, see footnote 1.

5. See V.T.C.A., B. & C., § 2.711.

George T. Roumell, Jr., Theodore Sachs, Detroit, Mich., George L. McCarger, Jr., Asst. Atty. Gen., Lansing, Mich., for defendants.

## MEMORANDUM OPINION

DeMASCIO, District Judge.

The defendant Detroit Board of Education has submitted pursuant to our August 7 and October 23, 1978 Orders, D.C., 460 F.Supp. 299 and D.C., 460 F.Supp. 322, a faculty reassignment plan which calls for the transfer of 546 teachers. The plan identifies the schools involved and explains how specific teachers to be transferred will be identified. The intervening defendant Detroit Federation of Teachers (DFT) filed a critique containing numerous objections to the Detroit Board's plan. The defendant Detroit Board and the plaintiffs filed responses to the DFT critique.

The DFT argues that the Detroit Board's submission is not a true plan because it fails to identify the teachers to be transferred. The DFT is concerned that the actual selection of teachers might not be in accordance with the court's orders. The Detroit Board argues that the identification of the schools and the criteria for the selection of teachers are sufficient at this time, but promises, nevertheless, that it will submit the names of the teachers to be transferred to the DFT by June 1, 1979. The Detroit Board indicates that the actual selection of teachers will conform to this court's guidelines. We agree with the Detroit Board that the DFT seems to be requesting the full details of implementation rather than the plan ordered. It seems to us that there will be sufficient time for the DFT to interpose objections to the selection of teachers in the interval from June 1 to September 1979.

The DFT contends that the plan unnecessarily disturbs schools already in compliance with the court's guidelines and requires transfers although a school is merely a fractional teacher over the 60% guideline. The DFT argues that it makes no sense to transfer one teacher to alleviate non-compliance due to a fractional teacher. The Detroit Board points out that the thrust of the DFT's objections to the plan merely amounts to a general objection to the court's 60% order. We agree that the DFT's arguments are directed toward the implementation of our order. We have already considered those arguments, however, and concluded that:

> [P]laintiffs are entitled to an order that will afford a greater degree of interaction between Detroit students and teachers of both races, that provides adequate flexibility to account for qualifications of the teacher to teach the subject and grade level, and further permits the balancing of faculty in each school by race, teaching experience, and sex. We believe that the guidelines which we order implemented can be accomplished with minimum disruption of the present composition of faculty and staff. 460 F.Supp. at p. 317.

The fact that some of the city schools will have to undergo transfers even though those schools now afford children a desegregative experience is unfortunate but unavoidable. We accept the Detroit Board's assurances that it intends to follow all of the court's guidelines when making the actual selection of teachers. If problems arise during the actual selection, there will be time for the parties to file objections. We also agree that a school need not be brought to 60% if only a fraction of a teacher causes that school to be above the 60% requirement. If the school is less than one half of a teacher above 60%, we would deem that school in total compliance.

Finally, the DFT contends that the Detroit Board's hiring practices have exacerbated the faculty imbalance and argues that the Detroit Board deliberately created a faculty imbalance in order to obtain a court order requiring transfers, which the Detroit Board hoped could be made without regard to seniority rights. In response, the Detroit Board denies any improper motivations. This record will not support a finding of such improper motivation. In any event, the Detroit Board is now required by the court's guidelines to take seniority into account when making transfers. The

DFT's objections should be raised only if the Detroit Board fails to follow that guideline. Thus, we adopt the submission of the defendant Detroit Board as the faculty reassignment plan of the court and direct that it be put into effect for the 1979–80 school year, with a modification that there be no further transfers of faculty if the school is not in compliance with the court's 60% order by no more than one half of one teacher.

IT IS SO ORDERED.